UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Chelsea I. B.,                                          File No. 18-cv-2874 (ECT/ECW)

         Plaintiff,

v.                                                        **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Andrew Saul, Commissioner of
Social Security,

         Defendant.

---

Plaintiff Chelsea I. B. brought this action seeking Social Security disability benefits. Compl. [ECF No. 1]. The Parties filed cross-motions for summary judgment. ECF Nos. 11, 13. United States Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation on January 31, 2020. ECF No. 18. Magistrate Judge Wright recommends granting Chelsea I. B.'s motion in part, remanding the case for further administrative proceedings, and denying the motion brought by the Commissioner of Social Security, Andrew Saul. Report and Recommendation at 43. The Commissioner "object[ed] to the Magistrate Judge's discussion at pages 36 to 42 of the Report and Recommendation," and therefore that portion of the Report and Recommendation is reviewed de novo. 28 U.S.C. § 636(b)(1); *see also* Local Rule 72.2(b)(3). Based on that review, the Report and Recommendation will be accepted.

"A reviewing court may not uphold an agency decision based on reasons not articulated by the agency, when the agency has failed to make a necessary determination of fact or policy upon which the [] alternative basis is premised." *Banks v. Massanari*, 258

F.3d 820, 824 (8th Cir. 2001) (quoting *Healtheast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998) (cleaned up). This prohibition arises out of the rule that, where "an agency fails to make a necessary determination of fact or policy," *Healtheast*, 164 F.3d at 418, "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 87 (1943).

Here, the record discloses that at step five of the sequential analysis, the ALJ determined Plaintiff could perform the job of packager, laundry presser, or laundry worker, and was therefore not disabled. Tr. at 35.[1] This determination was based exclusively upon the testimony of a vocational expert. *See id.* at 34–35. During the hearing, the ALJ presented the vocational expert with the following hypothetical:

> [I]f you would please consider a younger individual as defined in our regulatory age categories who has a high school completed education and past relevant work with respect to personal care attendant as set forth in your testimony and analysis. And who, from my initial inquiry, is limited to simple, routine, repetitive 3–4 step tasks and instructions that are consistent with SVP: 1 or SVP: 2 as defined in the Dictionary of Occupational Titles, and occasional brief and superficial contact with coworkers, supervisors, and the public. However, these are tasks that can[] be performed independently, meaning they would not require independent collaboration or teamwork with coworkers for completion, and they would not require direct interaction with or serving the public for completion of the tasks. So, just within this initial level of limitation, would . . . those elements allow for any

---

[1] The administrative record in this case was sequentially paginated and filed as a series of attachments to ECF No. 10. For simplicity, this order cites to the record collectively at "Tr.", followed by the specific page number of the record, rather than referencing each citation by docket number.

other occupations existing in the regional or national economy?

Tr. at 116–17. The vocational expert opined that a person with such limitations would be able to perform unskilled work including as a packager, laundry presser, and laundry worker. *Id.* at 117. However, when discussing the possibility that the hypothetical younger individual's symptoms might affect their attendance at work, the vocational expert opined that if the individual were missing 20% of a work day "on a repeated basis it's likely to cost an individual their job. In terms of absences, . . . even a day a month on a repeated basis, I believe would preclude most employment settings." Tr. at 121–22. Despite this testimony from the vocational expert, the ALJ's decision did not address whether Plaintiff would be able to meet these required attendance standards—a factual finding that might necessarily depend on, and would at least be greatly informed by, the nature and extent of Plaintiff's hospitalizations and partial hospitalizations—nor did the ALJ determine the vocational expert's testimony regarding the attendance standards was erroneous or otherwise unsupported or incredible.

The Commissioner's objections seem to miss the point. That Plaintiff's eye contact was normal, that she denied suicidal ideation, that her thoughts were logical and goal directed, and that her memory, judgment, and insight were intact, *see* Obj. at 3–5, may indeed support the ALJ's conclusion regarding Plaintiff's residual functional capacity. *See* Tr. at 28–33. However, even if Plaintiff's residual functional capacity—in isolation— permits a finding that she could do the work of a packager, laundry presser, or laundry worker on a given day, the ALJ's failure to develop the record as to Plaintiff's repeated

hospitalizations and partial hospitalizations undermined the ALJ's ultimate determination that Plaintiff "would be able to perform the requirements of representative occupations such as packager [], laundry presser [], or laundry worker []," Tr. at 34, given the vocational expert's testimony that missing 20% of a workday regularly or missing one day of work a month would "preclude most employment settings," Tr. at 121–22; *see* 20 C.F.R. § 416.945(b), (c) (stating that physical and mental abilities will be used to determine a claimant's "residual functional capacity for work activity *on a regular and continuing basis*) (emphasis added).

Put another way, the original hypothetical the ALJ presented to the vocational expert was deficient. The hypothetical did not include information regarding Plaintiff's multiple and repeated hospitalizations. The hypothetical could not adequately account for Plaintiff's potential attendance issues because the ALJ did not "develop the record fairly and fully" with respect to Plaintiff's hospitalizations and partial hospitalizations. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (reaffirming that the ALJ's responsibility to develop record exists "independent of the claimant's burden to press [her] case"); *see, e.g.*, Tr. at 692, 734–35, 750 (Plaintiff presented to St. Cloud Hospital emergency room on August 29, 2015, was encouraged to utilize a crisis bed, and did so for at least a week; however, no evidence in record about what "utilizing a crisis bed" entails or what impact such use would have on Plaintiff's ability to attend work); Tr. at 821, 812, 846 (Plaintiff presented to St. Cloud Hospital on January 30, 2016 "due to suicidal ideation and behaviors," was discharged February 8, 2016, and participated in a partial hospitalization program for approximately three weeks; however no evidence in the record regarding what

4

the partial hospitalization entailed or what impact it might have on her ability to attend work). Because the ALJ's initial hypothetical did not take into consideration Plaintiff's repeated and extended hospitalizations and partial hospitalizations, it did not "precisely describe [the] claimant's impairments so that the vocational expert [could] accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694–95 (8th Cir. 1996). "An expert's testimony based upon an insufficient hypothetical question may not constitute substantial evidence to support a finding of no disability." *Id.* at 695. Because the ALJ's determination that the Plaintiff could perform the jobs of packager, laundry presser, or laundry worker was based solely on the vocational expert's testimony in response to an insufficient hypothetical, the determination was not supported by substantial evidence.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. The Commissioner's Objections to the Report and Recommendation [ECF No. 19] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 18] is **ACCEPTED**;

3. Plaintiff's motion for summary judgment [ECF No. 11] is **GRANTED IN PART** and **DENIED IN PART**;

4. The Commissioner's motion for summary judgment [ECF No. 13] is **DENIED**;

5. This case is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order;

6. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 13, 2020           s/Eric C. Tostrud  
                                                  Eric C. Tostrud  
                                                  United States District Court