# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Chelsea I.B., | Case No. 18-cv-2874 (ECT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). (Dkt. 24.) Plaintiff seeks attorney's fees under the EAJA in the amount of $7,242.00 and costs in the amount of $500. The Commissioner has filed a response noting no objections to the amount of fees requested by Plaintiff. (Dkt. 28.) This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's Motion be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2018, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for disability insurance benefits. As part of her motion for summary judgment, Plaintiff challenged the Administrative Law Judge's ("ALJ") finding that she is not disabled. On January 31, 2020, this Court issued a Report and Recommendation recommending that Plaintiff's motion for summary

judgment be granted in part and ordering that the case be remanded back to the ALJ. (Dkt. 18.) The Report and Recommendation was adopted by United States District Judge Eric C. Tostrud on March 13, 2020. (Dkt. 20.)

## II.   ANALYSIS

### A.   Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). Congress has provided for limited exceptions to the general rule. *Id*. The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency

2

>upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  Any attorney's fees awarded under the EAJA must be reasonable. 28 U.S.C. § 2412(b).  A plaintiff is also entitled to the reasonable fees incurred in preparing the EAJA petition itself.  *See Commissioner, INS v. Jean*, 496 U.S. 154, 162-163 (1990).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case.  *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted).  However, Plaintiff is entitled to fees unless the Government's position was substantially justified.  *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).  The Government bears the burden of proving substantial justification for its position in the litigation. *Id.*  Here, the Government is not claiming that its position was substantially justified.  (*See* Dkt. 28.)

**B.     Reasonableness of Fees and Costs**

    **1.     Appropriate Hourly Rate**

Plaintiff, through the motion of her counsel, as well as the supporting exhibits, requests fees in the amount of $7,242.00, calculated at the rate of 35.5 hours × $204.00/hour.  (Dkt. 24.)  Plaintiff's counsel asserts that the $204.00 per hour billing rate is consistent with the Consumer Price Index ("CPI") and the Bureau of Labor Statistics' inflation calculator. (Dkt. 24 at 3.)

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor

. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the ... rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)). The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id.* (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted). The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004). As stated previously, the Government does not dispute the hourly rate or number of hours Plaintiff's counsel claims, and $204.00 per hour is a reasonable rate based on the cost of living adjustment for the period of time the work was performed. *See* Bureau of Labor and Statistics, *Historical Price Index, Urban Consumers (CPI-U)* https://www.bls.gov/cpi/tables/supplemental-files/historical-cpi-u-202006.pdf

### 2. Reasonableness of the Time Expended by Plaintiff's Counsel

The Court has reviewed the itemized time records for the work performed in this case (Dkt. 25) and finds that the 35.5 (deducted by Plaintiff's counsel from 36.9) hours billed, and the legal work performed, are not excessive or unreasonable. Courts routinely

grant motions requesting reimbursement for a similar number of hours.  *See, e.g.*, *T. R. v. Berryhill*, No. 17-CV-5587 (ECW), 2019 WL 4857708, at *3 (D. Minn. Oct. 2, 2019).

**C.   Conclusion**

Based on the above, the Court recommends an award of **$7,242.00** in attorney's fees to Plaintiff and $500 in costs.

### III.   RECOMMENDATION

Based upon on the motions and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Dkt. 24) be **GRANTED** and Plaintiff be **AWARDED** $7,242.00 for reasonable attorney's fees under the EAJA and $500 in costs from the Judgement Fund.

2. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee award and costs be payable to Plaintiff as the litigant and subject to offset to satisfy any preexisting debts that the litigant may owe to the United States.

DATED: July 29, 2020                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).